UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TREVAR D. TINSLEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-02988 (APM) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Before the court is Defendant United States' Motion to Dismiss, ECF No. 8 [hereinafter Def.'s Mot.]. The motion is denied.

Plaintiff Trevar D. Tinsley is a former member of the United States Army. Compl., ECF No. 1, ¶ 3. He brings a collateral attack—not a request for direct review—of his court-martial conviction. *Id.* at 1.[1] The court has subject matter jurisdiction to consider his challenges. The D.C. Circuit has read *Schlesigner v. Councilman*, 420 U.S. 738 (1975), as holding that "federal courts have jurisdiction to review the validity of court-martial proceedings brought by *non-custodial* plaintiffs who cannot bring habeas suits." *Sanford v. United States*, 586 F.3d 28, 32 (D.C. Cir. 2009) (emphasis in original). It also has held that 28 USC § 1331 provides federal courts with subject matter jurisdiction to hear such actions. *See U.S. ex rel. New v. Rumsfeld*, 448 F.3d 403, 406 (D.C. Cir. 2006). *Sanford* and *New* thus make clear that a federal court's jurisdiction to collaterally review a service member's conviction is not limited, as Defendant argues, to "the

---

[1] Contrary to what Defendant says, Plaintiff is not seeking a direct review of his conviction. *See* Def.'s Mem. in Support of Def.'s Mot., ECF No. 8-1, at 5. His complaint plainly states he is seeking "collateral review of an unconstitutional conviction by a general court-martial." Compl. at 1.

framework of some other suit" in which the plaintiff "seeks a remedy—such as release or an award of back pay—that may be granted after declining to give res judicata effect to the court-martial judgment." *See* Def.'s Mem. in Support of Def.'s Mot., ECF No. 8-1, at 6–7.  Those authorities also dispose of Defendant's contentions that sovereign immunity bars Plaintiff's claims and that Plaintiff lacks a cause of action.  *See id.* at 9–10.

The parties shall meet and confer and, by April 29, 2025, propose a schedule for further proceedings in this matter, including a schedule for summary judgment.  The parties' summary judgment papers shall address the merits of Plaintiff's claims under the standard of review for non-custodial collateral attacks on court-martial proceedings set forth in *Sanford*, 586 F.3d at 32 ("[T]here are two steps in applying the 'full and fair consideration' standard: (1) a review of the military court's thoroughness in examining the relevant claims, at least where thoroughness is contested; and (2) a close look at the merits of the claim, albeit with some degree of deference and certainly more than under [a] *de novo* standard."); *see also Henry v. Kendall*, No. 21-cv-865 (CKK), 2022 WL 3081408, at *4 (D.D.C. Aug. 3, 2022).  This instruction is not meant to foreclose Defendant from arguing that a more deferential standard should apply.  *See Sanford*, 586 F. 3d. at 31–33 (discussing the Supreme Court's approaches to collateral review of custodial versus non-custodial collateral attacks of court-martial proceedings).

Dated:  April 22, 2025

Amit P. Mehta
United States District Court Judge