**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TREVAR D. TINSLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 24-cv-02988 (APM)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

<u>**MEMORANDUM OPINION**</u>

**I.      INTRODUCTION**

Plaintiff Trevar D. Tinsley, a former Sergeant in the United States Army, seeks collateral review of a general court-martial conviction for sexual assault.  In the main, Plaintiff argues that his conviction is void because the military trial court's exclusion of certain evidence wrongfully deprived him of his rights under the Confrontation Clause.  Plaintiff seeks from this court an expungement of the conviction and sentence, among other relief.  For the reasons that follow, Plaintiff's Motion for Summary Judgment, ECF No. 22, is denied and Defendant's Cross-Motion for Summary Judgment, ECF No. 27, is granted.

**II.      BACKGROUND**

**A.      Military Rule of Evidence 513(e)**

Military Rule of Evidence ("Rule") 513 establishes a psychotherapist–patient privilege in the military justice system.  *United States v. Clark*, 62 M.J. 195, 199 (C.A.A.F. 2005).  The privilege is "based on the social benefit of confidential counseling," *id.* (internal quotation marks omitted), and protects communications that are "made for the purpose of facilitating diagnosis or

treatment of the patient's mental or emotional condition," Mil. R. Evid. 513(a).  The rule, however, carves out several exceptions in which the privilege does not apply, such as where the patient has died, the communication is evidence of domestic abuse, or the psychotherapist believes the patient's condition presents a danger to any person, among other things.  *See id.* 513(d). As originally enacted, Rule 513 also recognized an additional exception: "when admission or disclosure of a communication is constitutionally required," including when "the accused's Confrontation Clause rights outweighed the victim's psychotherapist–patient privilege." *United States v. Tinsley*, 81 M.J. 836, 847 (A. Ct. Crim. App. 2021).  In 2014, Congress passed legislation striking that exception from Rule 513.  *Id.*

A party seeking disclosure of psychotherapist–patient records may request an *in camera* review of the records to determine if their release is warranted.  Mil. R. Evid. 513(e)(3).  "In order to get to the first step of an in *camera* review," *see Tinsley*, 81 M.J. at 846, the military judge must find by a preponderance of the evidence that the moving party showed:

> (A)   a specific factual basis demonstrating a reasonable likelihood that the records or communications would yield evidence admissible under an exception to the privilege;
> (B)   that the requested information meets one of the enumerated exceptions under subsection (d) of this rule;
> (C)   that the information sought is not merely cumulative of other information available; and
> (D)   that the party made reasonable efforts to obtain the same or substantially similar information through non-privileged sources.

Mil. R. Evid. 513(e)(3).

## B.     Factual Background and Procedural History

The court assumes the parties' familiarity with the full factual details of Plaintiff's court-martial conviction and renders a factual background here only to the extent necessary for resolution of the present motions.

2

In early 2018, Plaintiff—then an active-duty Army Sergeant—and A.B. spent an evening together after meeting on a dating app. J.A., ECF Nos. 42 & 43, at 89. By midnight, A.B. felt intoxicated but was able to walk, talk, and recall the events of the evening. *Id.* Several hours later, in Plaintiff's hotel room, Plaintiff placed A.B.'s hand on his genitals, which made her feel like she would not be able to leave unless she did something to please him. *Id.* at 90. She performed oral sex on him to "get it over with," but Plaintiff attempted to perform oral and penetrative sex on A.B. despite A.B. refusing "over and over and over." *Id.* A.B. then complied with Plaintiff's request to bend over the bed to "see what [she would] look like," again thinking that would allow her to leave. *Id.* But over A.B.'s objection, Plaintiff penetrated her, causing A.B.'s body to "completely shut down." *Id.* A.B. immediately left the hotel and later spoke with law enforcement. *Id.* After law enforcement interviewed Plaintiff, A.B. spoke with law enforcement again. *Id.* at 770. During this second interview, A.B. conceded she had previously left out one detail and revealed for the first time medical conditions that were unknown to Plaintiff. *Id.* at 771. At the time of the assault, A.B. was being treated by a therapist for two psychological conditions and had been prescribed Zoloft, an antidepressant, and Abilify, an antipsychotic. *Id.* at 1188, 1191.

The government thereafter charged Plaintiff with sexual assault under Article 120 of the Uniform Code of Military Justice. *Id.* at 327. Before trial, Plaintiff sought to compel production or an *in camera* review of A.B.'s mental health records, including statements she made to her therapist before and after the assault. *Id.* at 1194. Plaintiff reasoned that the records were likely to reveal mental health issues and potential prior inconsistent statements bearing on A.B.'s credibility and reliability and therefore were necessary to "fully confront the complainant . . . and establish a defense against her claims." *Id.* at 1165. The military trial court judge denied Plaintiff's request, *id.* at 1194–97, and a panel convicted Plaintiff of one specification of sexual assault, *id.*

at 326–27, 1025.  Plaintiff appealed his conviction to the Army Court of Criminal Appeals ("ACCA").  *Id.* at 1092.

On appeal, Plaintiff argued that the trial judge erred by not admitting A.B.'s mental health records or conducting an *in camera* review pursuant to Rule 513.  Plaintiff argued that admission of these records was constitutionally required, notwithstanding Congress' deletion of the confrontation exception, and he was "denied his right to confrontation and a fair trial."  *Id.* at 1109. The appeals court rejected these contentions.  It held that (1) Plaintiff fell "woefully short" of his Rule 513(e)(3)(A) burden to demonstrate that the victim's mental health records would yield admissible evidence, *id.* at 100; (2) "any 'constitutional exception' to [Rule] 513 grounded in the Confrontation Clause does not exist," *id.* at 105; and (3) Plaintiff "failed to satisfy his [Rule 513(e)(3)(C)] burden to demonstrate that the records were not cumulative to what was already in the record," *id.* at 110.  Because Plaintiff had failed to satisfy the requirements of Rule 513(e)(3), the ACCA held that the trial judge "did not abuse his discretion in denying the request for an *in camera* review and production of the victim's mental health records."  *Id.* at 111. Plaintiff appealed again, but the Court of Appeals for the Armed Forces ("CAAF") denied review. *Id.* at 2.

Plaintiff brings this action for collateral review of his conviction.  Both parties now move for summary judgment.

## III.    LEGAL STANDARD

Federal courts have jurisdiction to review collateral attacks on the validity of court-martial proceedings brought by non-custodial plaintiffs.  *Schlesinger v. Councilman*, 420 U.S. 738, 752–53 (1975).  A collateral attack in such cases seeks a declaration that a judgment is void.  *Id.* at 746. Although the case law in this circuit as to the standard of review is "tangled," *United States ex rel. New v. Rumsfeld* (*New II*), 448 F.3d 403, 406 (D.C. Cir. 2006), the D.C. Circuit has held that a

4

judgment that has been given "full and fair consideration" by military tribunals is not void, *id.* at 408; *see also Sanford v. United States*, 586 F.3d 28, 32–33 (D.C. Cir. 2009) (applying the framework of *New II* that a "void" standard is more deferential than the "full and fair consideration" standard applied to habeas review of military judgments). Whether a judgment has been given "full and fair consideration" requires the court to undertake "(1) a review of the military court's thoroughness in examining the relevant claims, at least where thoroughness is contested; and (2) a close look at the merits of the claim albeit with some degree of deference and certainly more than under [a] *de novo* standard." *Sanford*, 586 F.3d at 31–32 (citing *Burns v. Wilson*, 346 U.S. 137 (1953) (plurality)).

## IV.    DISCUSSION

### A.    Subject Matter Jurisdiction

The court begins, as it must, with subject matter jurisdiction. *See In re Grand Jury Subpoena*, 912 F.3d 623, 627 (D.C. Cir. 2019). The court does not dwell on this point long. Defendant repeats the arguments it made at the motion-to-dismiss stage that the court does not have subject matter jurisdiction to review Plaintiff's collateral attack. *See* Def.'s Cross-Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J., ECF No. 27 [hereinafter Def.'s Mot.], Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. and in Supp. of Def.'s Mot., ECF No. 32 [hereinafter Def.'s Mem.], at 24–27. The court held that it does, as "federal courts have jurisdiction to review the validity of court-martial proceedings brought by *non-custodial* plaintiffs who cannot bring habeas suits," *Sanford*, 586 F.3d at 32; *New II*, 448 F.3d at 496. *See* Order, ECF No. 11, at 1. Again, contrary to Defendant's renewed arguments, Plaintiff did not need to bring his collateral attack "as a necessary incident" to the court's jurisdiction to grant some other relief. *See* Def.'s Mem. at 24–25; Order at 1–2. Nor does sovereign immunity or a lack of a cause of action bar

5

jurisdiction.  *See* Def.'s Mem. at 26; Order at 2.  To the extent Defendant contests the ability of the court to grant relief beyond a declaration that the judgment is void, *see* Def.'s Mem. at 26–27, the court need not reach this issue; the court holds that the judgment is not void because the military courts gave Plaintiff "full and fair consideration" of his claims.

### B.       Thoroughness

As noted, the first prong of the "fair and full consideration" standard requires an examination of the thoroughness afforded by the military courts to the contested issue.  *Sanford*, 586 F.3d at 31–32.  "As a general rule, the thorough consideration component of a court's analysis is 'established when it is briefed and argued by the parties, even if the judgment summarily disposes of the issue.'"  *Sanford v. United States*, 567 F. Supp. 2d 114, 118 (D.D.C. 2008), *aff'd*, 586 F.3d 28.  The court finds that the military court system thoroughly considered Plaintiff's claims.

Plaintiff's primary argument is that, although the military courts "nominally acknowledged" that the Constitution "still applies" after the constitutional exception was stricken from Rule 513, it "failed to analyze whether infringement of the psychotherapist–patient privilege was required to guarantee Plaintiff a meaningful opportunity to present a complete defense under the Confrontation Clause."  Pl.'s Mot. for Summ. J., ECF No. 22 [hereinafter Pl.'s Mot.], Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot., ECF No. 22-1 [hereinafter Pl.'s Mem.], at 20–21. The court disagrees.  Plaintiff and the government briefed and argued this issue before the trial and appellate military courts, and the judges conducted hearings and issued reasoned decisions. *See, e.g.*, J.A. at 1161–82, 1183–93, 1029–91, 1194–97; *id.* at 1092–1123, 1206–1334, 88–111. Indeed, at every turn, the military courts squarely analyzed the issue of whether the Rule 513 privilege violated Plaintiff's constitutional confrontation rights.    *See, e.g.*, *id.* at 104

6

("[T]he question that we must address in analyzing any continued reliance on the 'constitutional exception' is whether the lack of a Confrontation Clause exception to the psychotherapist–patient privilege is 'clearly and unmistakably' unconstitutional."); *id.* at 1196 ("[T]here is no showing here . . . that the 'failure to produce such information for review or release would violate the Constitution." (quoting *J.M. v. Payton-O'Brien*, 76 M.J. 782, 783 (N-M. Ct. Crim. App. 2017)))). The fact that the ACCA did not acknowledge by name a specific case by the Navy-Marine Corps Court of Criminal Appeals that considered a similar issue does not undermine the thoroughness of its analysis.[1]  Nor is that inference warranted where the authority was expressly brought to the ACCA's attention by both the trial court's ruling, *id.* at 1196, and Plaintiff's brief, *id.* at 1108.

The courts were likewise sufficiently thorough in concluding that Plaintiff was "unable to meet [his] burden for *in camera* review." *Id.* at 1197.  After the matter was fully briefed by both parties, *id.* at 1161–82, 1183–93, the trial judge conducted a hearing on the issue, heard expert testimony, *id.* at 1029–91, and explained that Plaintiff had failed to point to any "specific information that privileged mental health information that is pertinent to this case even exists," *id.* at 1196.  The ACCA, too, grappled with the issue and determined that, "because [Plaintiff] did not show any evidence of what specifically was in victim's mental health records," he failed to satisfy his burden as to the requirements of Rule 513(e)(3).  *See id.* at 100–01, 110–11.

Lastly, Plaintiff's claim that the CAAF's denial of review was not thorough because it declined to address a split among sister courts is without merit.  "The CAAF's review of a party's claim of error is entirely discretionary [and it has] no obligation to accept the issue for resolution." *Luke v. United States*, 942 F. Supp. 2d 154, 169 (D.D.C. 2013) (citing *Sanford*, 586 F.3d at 30).

---

[1] This is especially true of cases that are not binding on the court in question.  *See United States v. Contreras-Ramos*, 77 M.J. 592, 595 (A. Ct. Crim. App. 2018) (recognizing that opinions from military "sister courts" are "only persuasive authority").

Accordingly, the military courts provided a sufficiently thorough review of Plaintiffs' claims.

## C.     Merits

The second prong of the "full and fair consideration" standard requires the court to take a "close look" at the claim's merits, with an appropriate degree of deference.  *Sanford*, 586 F.3d at 31–32.  Plaintiff's primary merits argument is that he was deprived of his constitutional rights under the Confrontation Clause when the military courts rejected his request for A.B.'s mental health records that were otherwise protected by Rule 513's psychotherapist–patient privilege. *See* Pl.'s Mem. at 22.  He claims that the military judge should have made "an individualized determination of whether the constitutional rights of the accused outweigh the interest of the victim that are intended to be protected under [Rule] 513." *Id.* (quoting *B.M. v. United States*, 84 M.J. 314, 324 (C.A.A.F. 2024) (Ohlson, C.J., concurring)).

Plaintiff relies heavily on *J.M. v. Payton-O'Brien*, a decision by the Navy-Marine Corps Court of Criminal Appeals.  The court in *Payton-O'Brien* cautioned that Rule 513 may sometimes infringe on the accused's constitutional rights, and in those cases, "the military judge should determine whether *infringement of the privilege* is required to guarantee 'a meaningful opportunity to present a complete defense.'"  76 M.J. at 789.  That court included a non-exhaustive list of scenarios in which "courts have allowed discovery of privileged information," including "(1) recantation or other contradictory conduct by the alleged victim; (2) evidence of behavioral, mental, or emotional difficulties by the alleged victim; and (3) the alleged victim's inability to accurately perceive, remember, and relate events." *Id.*  In those cases, "[i]f the moving party satisfies all the prongs [of Rule 513(e)(3)], but meets no enumerated exception under [the Rule], then the military judge determines whether the accused's constitutional rights still demand

production or disclosure of the privileged materials." *Id.* at 789–90. Plaintiff relies on this holding to insist that, because his case "presents all three scenarios," the military judge "deprived Plaintiff of the crucible of cross-examination to test [A.B.'s] account." Pl.'s Mem. at 23.

Plaintiff's reliance on *Payton-O'Brien* is misplaced. *Payton-O'Brien* only held that, where the privilege afforded by Rule 513 implicates the constitutional rights of the accused to a fair trial, "military judges *may* craft such remedies as are required to guarantee [the accused] a meaningful opportunity to present a complete defense." 76 M.J. at 783 (emphasis added). It does not serve as an unqualified right to requested discovery when a defendant cannot satisfy the criteria of Rule 513. *Cf. Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) ("[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."). Indeed, Plaintiff overlooks the language in *Payton-O'Brien* that a military judge need make an individual determination only "[i]f the moving party satisfies all the prongs, but meets no enumerated exception." Plaintiff did not pass that threshold step. *See* J.A. at 100, 110; *id.* at 1196. This court cannot discern any error in the trial court's pretrial refusal to review records *in camera* because Plaintiff failed to make a showing that such records were likely to contain admissible—let alone relevant—evidence, *id.* at 1196–97, or the appeals court's decision affirming that ruling, *id.* at 100–11.

Moreover, the notion that the military judge should have *sua sponte* reconsidered the ruling after learning for the first time during A.B.'s trial testimony that she had spoken to her therapist before speaking with law enforcement is not well taken. *See* Pl.'s Reply in Supp. of Pl.'s Mot. and in Opp'n to Def.'s Mot., ECF No. 37, at 4. As the ACCA found, nothing in the record suggests that A.B.'s statements to her therapist were inconsistent with her reports to law enforcement or her

trial testimony.  *See* J.A. at 100.  Thus, there is no basis to conclude that the trial judge was required to revisit his pretrial ruling *sua sponte*, regardless of his authority to do so.

Plaintiff makes much of the substance of the military courts' interpretation of current Rule 513.  *See, e.g.*, Pl.'s Mem. at 15–20, 23.  The Army courts' interpretation in his case—which, according to Plaintiff, differs from the Navy-Marine Corps courts'—creates a "two-tier system of military justice in which Plaintiff, as a member of the Army, did not have a constitutional right under [Rule 513] but members of the Navy and Marine Corps" do.  *Id.* at 23.  The court has already explained why the Navy-Marine Corps courts' ruling in *Payton-O'Brien* does not change the outcome in Plaintiff's case.  But more fundamentally, the court has no reason to second-guess the military courts' decisions interpreting their own rule of evidence.  *See In re United States of America*, 143 F.4th 411, 443 (D.C. Cir. 2025) (Wilkins, J., concurring in part) ("Settled law requires that courts like ours defer to the decisions of military courts, particularly when (like here) those courts interpret military rules."); *see also Councilman*, 420 U.S. at 753 (explaining that the court's review must be performed "in light of the deference that should be accorded the judgments of the carefully designed military justice system established by Congress").

There are no grounds to disturb the military courts' decisions that Plaintiff did not meet his burden to satisfy the requirements of Rule 513(e)(3) and was therefore not entitled to *in camera* review or production of A.B.'s mental health records.  Plaintiff's claims were given "full and fair consideration."

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 22, is denied, and Defendant's Cross-Motion for Summary Judgment, ECF No. 27, is granted.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  July 18, 2026

Amit P. Mehta
United States District Judge

11